

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00032-CR

ROBERT GONZALES                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1351979D

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, appellant Robert Gonzales appeals his conviction for arson and 18-year sentence. Because we conclude Gonzales has defaulted his claim that his sentence was cruel and unusual, we affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

Shane Bradshaw and Akita McGowan were asleep in their home on December 3, 2013, when McGowan heard something hit the bedroom window, heard a sloshing sound, smelled gasoline, heard the click of a lighter, and heard a "whoosh." Bradshaw and McGowan were able to escape before their bedroom became engulfed in flames. Gonzales was indicted for arson with the intent to damage a habitation with a deadly weapon—a combustible or flammable liquid or material. *See* Tex. Penal Code Ann. § 28.02(a), (d)(2) (West 2011). Gonzales pleaded guilty to the offense without a plea-bargain agreement but did not enter a plea to the deadly-weapon notice. After a punishment hearing and after reviewing a presentence-investigation report, the trial court made an affirmative deadly-weapon finding and assessed his punishment at 18 years' confinement.

On appeal, Gonzales argues that his sentence is cruel and unusual because he is young, he accepted responsibility for his crime, and he "is a diligent and good worker." However, Gonzales failed to raise this issue in the trial court at the punishment hearing[2] and did not file a motion for new trial. Thus, he has procedurally defaulted this claim. *See Sample v. State*, 405 SW.3d 295, 303–04 (Tex. App.—Fort Worth 2013, pet. ref'd). We overrule Gonzales's sole issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

---

[2]When the trial court asked if there was "any legal reason why sentence should not be pronounced," Gonzales's counsel stated that there was not.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 1, 2015